```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

SUSAN L. WILLIAMS,

       Plaintiff,                CIVIL ACTION NO. 08-10876

  v.                             DISTRICT JUDGE ROBERT H. CLELAND

COMMISSIONER OF            MAGISTRATE JUDGE DONALD A. SCHEER
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security Supplemental Security Insurance benefits on May 24, 2004[1], alleging that she had been disabled and unable to work since September 1, 1990, at age 23, due to migraine headaches, asthma, sleep apnea, neck and shoulder pain and emotional difficulties. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on January 23, 2007, before Administrative Law Judge (ALJ) Thomas English. The ALJ subsequently found that the claimant was not

---

[1] Plaintiff was granted a period of SSI benefits beginning in January 1992. The SSA determined that the disability ceased in June 2000, and that decision was affirmed by a Law Judge in October 2001 (TR 46-47).

entitled to disability benefits because she retained the ability to perform a restricted range of light work. The Law Judge determined that Plaintiff was limited to unskilled job assignments in clean air environments that did not require her to repetitively rotate, flex or hyper-extend her neck. The ALJ further restricted her from frequently pushing, pulling, gripping or grasping objects. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 40 years old at the time of the hearing (TR 232). She had a ninth grade education, and had been employed as a fast food worker and house cleaner during the relevant past (TR 90, 96). As a fast food worker, Plaintiff stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 97).

Claimant stopped working due to migraine headaches, neck, hand and shoulder pain, breathing difficulties and mental depression (TR 236-238). She testified that periodic flare-ups of neck, shoulder and hand pain prevented her from handling objects and remaining on her feet for prolonged periods (TR 237-238). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 245, 249). Claimant estimated that she could sit for 20 minutes, stand 20 minutes, walk

2

only short distances and lift about five pounds (TR 238, 251-252). She added that she frequently needed to lie down to get any pain relief (TR 250). Plaintiff stated that she had trouble performing household chores, and that she had to rest between activities due to breathing difficulties (TR 253). Other impairments which the claimant said prevented her from returning to work included depression and a poor memory (TR 247-248).

A Vocational Expert, Sharon Princer, classified Plaintiff's past work as light, unskilled activity (TR 256-257). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible [2] (TR 258). If she were capable of light work, there were numerous unskilled cashier, gate attendant, security guard, and hostess jobs that Plaintiff could perform with minimal vocational adjustment (TR 257). These jobs would not require her to frequently push, pull, grip or grasp objects, and are performed in clean air environments. They also would not require her to repetitively rotate, flex or hyper-extend her neck, and would not involve lifting more than 20 pounds (TR 257).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired during the relevant past[3] as a result of degenerative disc disease of the

---

[2] The witness explained that Plaintiff's alleged inability to complete tasks in a timely manner due to her pain would preclude all work activity (TR 258).

[3] The proper inquiry on an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff

3

cervical spine, asthma, nicotine abuse, shoulder bursitis, carpal tunnel syndrome, history of headaches and emotional difficulties, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's was restricted to unskilled tasks that did not require her to frequently move her neck, work in polluted air environments, or frequently push, pull, grip or grasp objects. The Administrative Law Judge determined that the claimant retained the residual functional capacity to perform a reduced range of light work within those limitations, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

---

had the burden of proving that she was disabled between May 24, 2004, the SSI application date, and April 26, 2007, the date of the ALJ decision, in order to be entitled to SSI benefits.

4

credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple joint pain and mental depression were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling joint

pain and functional limitations stemming from her mental depression.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms stemming from her multiple ailments. As noted by the Law Judge, the claimant has never been hospitalized or required frequent emergency care. Moreover, no examining doctor declared her disabled, or even imposed any work-related restrictions (TR 20-21).

Dr. Frederick Grove, a treating physician, reported in April 2004, that Plaintiff's lungs were clear, that she had good motion in both shoulders, and that her asthma was reasonably controlled with medications (TR 152). Two months later, the treating doctor noted that the claimant had gained a great deal of weight, but that her asthma remained controlled after a change in medication (TR 144-146).

A consultative evaluation performed by Dr. Bharti Sachdev on August 25, 2004, was essentially unremarkable. Cervical spine, shoulder and hand-finger motion were normal, there were no strength or reflex deficits, and claimant was able to bend, stoop and walk on her heels and toes. Plaintiff could perform all test activities, and she did not seem to have any problems sitting, standing, carrying, pushing or pulling. Dr. Sachdev recommended that she stop smoking in order to help alleviate episodic bronchitis, and he urged her to lose weight[4] (TR 170-171).

---

[4]Plaintiff claims that the ALJ failed to evaluate her obesity when assessing her residual functional capacity (RFC) (See Plaintiff's Brief in Support of Summary Judgment at pp 9-12).

Plaintiff sought emergency room treatment in September 2006 for neck, shoulder and back pain when she ran out of medications. Plaintiff's lungs were clear. She was capable of full motion in both shoulders, and she did not exhibit any neurological deficits. The evaluating doctor did not find acute symptoms warranting emergency treatment, and he refused claimant's request for narcotic pain medications (TR 205-207).

A psychological evaluation in August 2004, revealed no signs of anxiety, memory deficits or depression (TR 164-167). Nevertheless, the ALJ took into account Plaintiff's periodic depression and restricted her to simple job assignments with routine production demands[5] (TR 20).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy,

---

Plaintiff has failed to present evidence of any functional limitation resulting specifically from her weight gain. Furthermore, examining physicians never indicated that she required work-related limitations due to obesity (TR 144, 148, 171). Similarly, the ALJ did not consider allegations of sleep apnea when considering her RFC because Dr. Sachdev, an examining physician, reported in August 2004, that the condition was under control with medication (TR 171).

[5]In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 227) was not considered by the undersigned.

notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[6], the Vocational Expert testified that there were numerous unskilled cashier, gate attendant, security guard, and hostess jobs that Plaintiff could perform with minimal vocational adjustment (TR 257). These jobs would not require her to frequently push, pull, grip or grasp objects, and are performed in clean air environments. They would not require her to repetitively rotate, flex or hyper-extend her neck, and would not involve lifting more than 20 pounds[7] (TR 257). Given the objective clinical findings of the examining physicians of record during the relevant period,

---

[6] The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties. The ALJ reasonably determined that claimant's periodic depression limited her to simple, unskilled, routine type jobs (TR 257). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

[7] Contrary to Plaintiff's assertion, the ALJ was not required to adopt the five pound weight limitation found by a different Law Judge in October 2001 (TR 46). Plaintiff's present application contained new and material evidence that supports the ALJ's residual functional capacity evaluation that the claimant could lift upwards of twenty pounds. For instance, a state agency physician, who reviewed the recent medical record in September 2004, opined that Plaintiff could lift/carry ten pounds frequently and twenty pounds occasionally (TR 193). This evidence was not previously considered in connection with claimant's earlier application.

substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

**DATED: August 14, 2008**

---

## CERTIFICATE OF SERVICE

     I hereby certify on August 14, 2008, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this notice was mailed to the following non-registered ECF participants on August 14, 2008**:**

                                            s/Terri Hackman
                                            Secretary