# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SUSAN L. WILLIAMS,

    Plaintiff,

v.                                    Case No. 08-CV-10876

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                  /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On August 14, 2008, Magistrate Judge Donald A. Sheer issued a Report and Recommendation ("R&R") recommending that this court deny Plaintiff Susan L. Williams's motion for summary judgment and grant Defendant Commissioner of Social Security's motion for summary judgment. On August 24, 2008, Plaintiff filed timely objections. The court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's objections, adopt the R&R, deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment.

## I. STANDARD

### A. Substantial Evidence Standard

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per

curiam). "The decision of an ALJ is reviewed to determine whether it is supported by substantial evidence and consistent with applicable law." *Pittsburgh & Conneaut Dock Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007). This judicial review is limited to the record and evidence that was before the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence

2

previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have."

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II.  DISCUSSION

A lengthy recitation of the facts and procedural history is not necessary, as the court's task is narrow: responding to Plaintiff's specific objections to the R&R.  The court notes that Plaintiff seeks disability benefits for migraine headaches, asthma, sleep apnea, neck and shoulder pain and emotional difficulties.  (R&R at 1.)  She appeals the adverse decision of the administrative law judge ("ALJ"), who found that she retained the ability to perform a restricted range of light work.  (*Id.* at 2.)  Plaintiff concedes that the analysis of the Magistrate Judge ("MJ") is "closely reasoned" but argues that it is also "flawed in several respects."  (Pl.'s Obj. at 1.)  She presents two objections.

### A.  Objection #1

Plaintiff contends that "the medical evidence of record ("MER") was supportive of Plaintiff's allegations of chronic pain and disability."  (*Id.*)  The bulk of the one-page objection recites evidence in the administrative record that could support Plaintiff's position.  (*Id.* at 2.)  The objection concludes, "[o]nly by closing one's eyes to the evidence that does exist, even though it is sparse, can one say that the MER does not support the Plaintiff's contentions of disabling pain."  (*Id.*)

The argument misses the mark, as it fails to argue the correct standard of review. Presenting a view of the MER that might support Plaintiff's position does not necessarily entail that the adverse decision had no substantial evidence supporting it.  The MJ detailed relevant portions of the record and concluded that there was a lack of objective medical evidence supporting Plaintiffs' claim of severe and totally disabling joint pain

4

and functional limitations caused by her mental depression. (R&R at 2-4, 6-9.) Specifically, the MJ relied upon the reports of treating physician Dr. Frederick Grove, a consultative evaluation by Dr. Bharti Sachdev, a negative evaluation by an emergency room doctor and an August 2004 psychological evaluation. (*Id.* at 6-7.) The testimony of the vocational expert also supported the conclusions of the R&R. (*Id.* at 8-9.) The court therefore agrees with the MJ's determination that "the Commissioner's decision to deny benefits was within the range of discretion allowed by law . . . ." (*Id.* at 9.) The evidence upon which the MJ relied is sufficient under the substantial evidence standard of review. Plaintiff's first objection merely restates her case for a different determination, but it fails to show that the substantial evidence standard was not met for the adverse determination. *Howard,* 932 F.2d at 508.

### B. Objection #2

Plaintiff claims that the ALJ committed legal error when he failed to consider two of her severe impairments - obesity and obstructive sleep apnea ("OSA"). Plaintiff's argument in support of her claim only addresses obesity, however. The MJ considered the same contentions and concluded that Plaintiff "failed to present evidence of any functional limitation resulting specifically from her weight gain" and that "examining physicians never indicated that she required work-related limitations due to obesity." (R&R at 7 n.4 (citing Tr. 144, 148, 171).) The court sees no reason to conclude otherwise here, particularly when Plaintiff's objection fails to raise countervailing evidence in the record. With respect to sleep apnea (and to the extent that the objection did not waive the matter by failing to analyze this issue separately), the MJ also concluded that Plaintiff's "condition was under control with medication," basing his

decision on the examining physician's report. (*Id.* (citing Tr. 171).) Under these circumstances, Plaintiff's second objection is not persuasive.

## III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 18] are OVERRULED and the Magistrate Judge's August 14, 2008 report and recommendation [Dkt. # 17] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. # 14] is DENIED and Defendant's Motion for Summary Judgment [Dkt. # 15] is GRANTED .

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 28, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 28, 2008, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522